CALDWELL, APPELLANT, v. MAUPIN, D. B. A. HERLEY
ATHLETIC CLUB, APPELLEE.

(Decided January 23, 1939.)

Mr. Lionel Levy, for appellant.

Messrs. Fraser, Effler, Shumaker & Winn, for appellee.

LLOYD, J.   Walter S. Caldwell appeals to this court on questions of law from a judgment entered in the Court of Common Pleas on the sustaining of a demurrer to his amended petition filed therein.

The facts as narrated in the amended petition, in so far as important, are that on November 25, 1937, Clifford C. Maupin, the appellee herein, defendant in the Court of Common Pleas, was engaged in promoting and exhibiting a wrestling match in the Civic Auditorium in Toledo and that the wrestlers engaged therein were employed by appellee for that purpose; "that for the purpose of exhibiting said wrestling match, defendant provided and maintained a so-called 'ring' in said auditorium, which ring was an elevated square platform with ropes attached to posts on the four corners thereof, and making the boundaries of said 'ring' within which boundaries said wrestling match was to be held"; that Caldwell, a spectator, "was sitting in a chair in the first row of seats in said auditorium while said wrestling match was in progress, and the two

wrestlers in said ring employed by said defendant, and each wrestler weighing about two hundred pounds were wrestling when one of said wrestlers wantonly, wilfully, recklessly, carelessly and negligently threw the other wrestler over the ropes of said ring and onto the plaintiff, crushing him to the concrete floor of said auditorium," as a direct result of which, and of the defendant failing to confine the wrestling match to the ring provided by him therefor, the appellant sustained certain alleged injuries for which he seeks to recover damages in the sum of $1500.

The facts as alleged show the wrestlers to have been employees of appellee and to have been engaged in doing what they were employed to do at the time of the commission of the act complained of, and that injury to the appellant, who had a right to be where he was, was proximately caused thereby. What the evidence in support of these allegations may show is another question.

It is apparent that the appellee could not be guilty of all that is alleged. Wilfulness and wantonness are unlike, and neither is consistent with negligence and carelessness, which are synonymous terms. It is not essential to use any of these words to describe the cause of action. It is sufficient to state the acts of commission and omission. The law applicable thereto will then determine whether a cause of action has been stated and the nature thereof.

The amended petition states a cause of action and the judgment of the Court of Common Pleas is, therefore, reversed and the cause remanded thereto for further proceedings according to law.

*Judgment reversed and cause remanded.*

CARPENTER and OVERMYER, JJ., concur.